By the Court.
Section 423 of the code provides, “ That: the ex..ct amount of the debt, damages, and costs for which the judgment is entered, shall be indorsed on the execution.”
Section 442 provides, “ If lands and tenements levied on as aforesaid, are not sold upon one execution, other executions may issue to sell the lands so levied upon.”
The judgment is the foundation upon which the execution rests. The execution issued upon it represents the exact amount for which it was rendered, and clothes the executive officer with power to seize the property of the judgment debtor to make the amount of the judgment and costs, but nothing more. If the property levied on is not sold on the execution, a vendi execution may issue commanding the officer to sell the property in his hands to make the amount of the judgment, to satisfy which the levy was made. The execution and levy upon it constitute the predicate of the vendi execution, and the latter, as the former, rests upon the judgment, and its only office, when sufficient property has been levied on, as in this case, is to sel] that which has been already seized to satisfy the judgment and costs upon which the execution issued, and the same is the case with other vendi executions that may issue.
The execution in this case was issued and levied on a judgment for $199.15. The pluries vendi execution, upon which the lands were sold, issued úpon a judgment for $400 and costs. It is not, therefore, the same judgment upon which the execution issued, and is for more than double the amount levied on the land. To permit this, would be not only to convert the vendi into an execution, but also to allow money to be collected upon it, which had not been previously levied.
*328 The plaintiff below could have had execution for each installment of the decree as it fell due, but having only taken execution for the first installment and costs, before the second installment fell due, the execution represented only the amount of the judgment that was ripe for execution when it issued and was levied. It was therefore fatally irregular to include in the vendi execution installments of the decree which had fallen due, after the levy upon which the lands were sold had been made.
It may be said that if the lands had been sold on a regular vendi execution, and the money brought into court, it would have been appropriated to the payment of the entire decree and costs, and that therefore the irregularity is not material.' The answer to this is, that if the money had been so brought in, the court had power to have made such order respecting its distribution as the law or equity might require ; but the mode of raising money to satisfy a judgment by execution, is regulated by statute, and the mode prescribed must be followed, which has not been done in this case, and it would be a dangerous precedent to allow to the clerk and sheriff, as officers of the law, the exercise of such powers as would be implied from sanctioning the proceedings in this case.

Judgments reversed.